IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MIKEL HAMMONDS, #177 646, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:15-CV-6-WKW |
| | ) [WO] |
| WARDEN JONES, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate, in which he challenges his placement in the restricted privileges dorm at the Easterling Correctional Facility. Pending before the court is Plaintiff's request for a preliminary injunction. *Doc. No. 7.*  He seeks to enjoin Defendants from continuing to house him on administrative segregation where their decision to so house him was in retaliation for his filing of the instant law suit. Plaintiff further seeks to enjoin Defendants from opening his legal mail outside of his presence. Upon review, the court concludes that the motion for preliminary injunction is due to be denied.

**II.  STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998);   *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"" as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v.*

*City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). " 'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' " *Suntrust Bank v. Houghton Mifflin Co*., 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th Cir. 1990).

The court has carefully reviewed Plaintiff's request for a preliminary injunction and finds the motion for injunctive relief is inappropriate since the injunction he seeks is not related to the claims in this case and have arisen during the pendency of this action. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Westbank Yellow Pages v. BRI, Inc*., 1996 WL 255912, *1, (E.D.La. May 13, 1996) ("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action."). Despite a somewhat similar theme regarding the claim raised in the complaint and part of Plaintiff's request for preliminary injunctive relief, *i.e.*, Plaintiff's

dissatisfaction with his housing assignment, the requested injunctive relief concerns a matter outside the issue in the complaint.

Even if Plaintiff could establish the propriety of his request for preliminary injunctive relief, as explained by the court in its order denying Plaintiff's motion for a temporary restraining order (*see Doc. No. 8*), he has failed to satisfy the requirements of Fed. R. Civ. P. 65(b)(1) by failing to argue or demonstrate that he will likely succeed on the merits  much less that he will suffer any specific irreparable harm if an injunction is not issued. It is also impossible to determine what  Plaintiff's requested relief would entail exactly preventing the court from determining what burden an injunction would have on the Alabama Department of Corrections and whether issuing one would harm the public interest. Issuing a preliminary injunction is not warranted.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction (*Doc. No. 7*) be DENIED.

2. This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that on or before February 23, 2015, Plaintiff  may file an objection to the  Recommendation.  Any objection must specifically identify the findings in the Recommendation to which a party objects.  Frivolous, conclusive or

general objections will not be considered by the District Court.  Plaintiff is further advised this Recommendation is not a final order and, therefore, it is not appealable.

    Failure to file a written objection to the proposed findings in the Recommendation shall bar a party from a *de novo* determination by the District Court of issues addressed in the Recommendation and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

    Done this the 9th day of February, 2015.

                                     /s/Charles S. Coody  
                                CHARLES S. COODY  
                                UNITED STATES MAGISTRATE JUDGE