IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAMMONDS, #177 646, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:15-CV-6-WKW |
| | ) | [WO] |
| WARDEN JONES, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate in the custody of the Alabama Department of Corrections. He files this *pro se* 42 U.S.C. § 1983 action complaining that Defendants have abridged rights, privileges, or immunities afforded him under the Constitution or laws of the United States regarding his placement in the restricted privileges dorm at the Easterling Correctional Facility. The complaint is filed against Warden Karla Jones, Warden Derrick Carter, Warden Kenneth Sconyers, Captain Bryant, former Commissioner Kim Thomas, Lieutenant Peavy, Sergeant Jones, and Sergeant Teal. In accordance with the orders of the court, Plaintiff filed an amendment to his complaint. *Doc. No. 25*. Plaintiff requests trial by jury and seeks a preliminary injunction, injunctive relief, and damages *Doc. Nos. 1, 25*. Upon review of the complaint and amendment thereto the court concludes that dismissal of some of Plaintiff's claims prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is

1

## I.  DISCUSSION

*A.  The Due Process Claim*

On or about November 28, 2014, Plaintiff was placed in the restricted privileges dorm. He maintains this placement amounts to an unconstitutional form of segregation because he did not receive procedural due process prior to being placed there nor was his placement based on any rule violation which normally results in disciplinary segregation time. Plaintiff further contends that being housed in the restricted privileges dorm subjects him to atypical and significant hardship in relation to the ordinary incidents of prison life. *Doc. No. 1* at 3, *Attachment* at 1-2; *Doc. No. 25*.

To state a claim for denial of due process under the Fourteenth Amendment, Plaintiff must allege that a constitutionally protected life, liberty, or property interest was at stake. The Constitution itself does not give prisoners an interest in being classified to a particular area within a penal facility. *Cf. Meachum v. Fano*, 427 U. S. 215, 224 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution."). Further, the law is well settled that prison administrators are accorded wide deference in determining the policies and procedures for handling inmate populations, and federal courts rarely interfere in such discretionary decisions. *See generally Sweet v. South*

---

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Carolina Department of Corrections*, 529 F.2d 854, 859 (4th Cir. 1975) (*en banc*) (describing federal court's deference to prison administrators and all administrative matters unless the condition rises to the level of a constitutional violation).

While a state can create a constitutionally protected liberty interest, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976), quoted in *Sandin*, 515 U.S. at 480; *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("The transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.")

Other than alleging in conclusory and general fashion that his confinement in the restricted privileges dorm has subjected him to "treatment and conditions [which] are [] atypical and [constitute a] significant hardship in relation to the ordinary incidents of prison life," Plaintiff has not shown that his placement in the restricted privileges dorm has deprived him of a liberty interest inherent in the Constitution. *See Sandin*, 515 U.S. at 484. His allegations do not include facts upon which a State-created liberty interest could

be found nor has he alleged any facts which show that his confinement in the restricted privilege dorm amounts to a dramatic departure from the ordinary conditions of confinement. *Id.* at 485-87. Even after taking the opportunity to amend his complaint, Plaintiff has not alleged a deprivation of a protected liberty interest, and his complaint fails to state a due process claim based on his housing assignment. *See id*. at 487; *Griffin v. Vaughn*, 112 F.3d 703, 706 (3rd Cir. 1997). This claim is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 489 U.S. 319 (1989).

B. The Religion Claim

Plaintiff alleges he "is denied to go to religious service." *Doc. No. 1*. He maintains the restricted privileges dorm is not segregation but "it is treated as one" and claims "[i]t also prohibits inmates from going to some form of spiritual religious service in which effects a person's spiritual life." *Id.* at 3. Although the court's order directing Plaintiff to file an amendment to his complaint directed him to describe with clarity those factual allegations material to each specific count against the named defendants (*see Doc. No. 23*), regarding his religion claim Plaintiff merely asserts he was denied the right to practice his religion. *Doc. No. 25*. It is unclear from the amended complaint if and when Plaintiff requested to attend religious services, what religious services he was prevented from attending, or who told Plaintiff he could not attend religious services.

Plaintiff alleges a purely generalized and conclusory allegation that fail to assert those material facts necessary to establish a viable claim against any named defendant.

4

*See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Plaintiff's complaint identifies no facts that allow the court to make any plausible inference that any of the treatment he allegedly received from a named defendant amounted to a violation of his constitutional rights.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a pleading must do more than allege "an unadorned, the-defendant-unlawfully-harmed-me accusation."); *see also Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.").  It is not sufficient to merely allege that a defendant violated a constitutional right.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007)).  As explained, Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide  sufficient facts to show how the conduct or actions of a  defendant allegedly amounted to a violation of his constitutional rights. *See  Id*.  Because Plaintiff's generalized assertion regarding an inability to practice religion is unsupported by any specific factual allegations, his complaint is insufficient to state a claim under § 1983 and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

*C. The Access to Court Claim*

Plaintiff conclusorily asserts he lacks adequate access to the law library to look up case law. *Doc. No. 25.* To state an access-to-courts claim, a prisoner must show that "an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Lewis v. Casey*, 518 U.S. 343, 356 (1996) (*citing Bounds v. Smith*, 430 U.S. 817, 828 (1977)). The Supreme Court explained in *Bounds* that "[t]he fundamental right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate legal assistance from persons trained in the law." *Id.* 430 U.S. at 838 (emphasis supplied). However, the prisoner's contentions of deprivation of access to the courts must show actual prejudice or harm as a "constitutional prerequisite." *Lewis*, 518 U.S. at 351; *see also Chandler v. Baird*, 926 F.2d 1057, 1063 (11th Cir. 1991) ("both policy and the prevailing state of the law require an inmate to articulate facts indicating some prejudice such as being unable to do timely research on a legal problem or being procedurally or substantively disadvantaged in the prosecution of a cause of action"). Without a showing that the lack of access frustrated efforts to pursue a non-frivolous legal claim, an inmate has no standing to challenge the policy or practice in question. *Lewis*, 518 U.S. at 352-54; *Bass v. Singletary*, 143 F.3d 1442, 1444 (11th Cir. 1998). Further, the right of access to the courts does not extend to all legal claims, only to those in which an inmate can demonstrate actual injury from an inability to challenge specific non-frivolous legal claims relating to the fact or condition

6

of a prisoner's confinement. *Lewis*, 518 U.S. at 355; *see also Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998).

Plaintiff's contentions involving a lack of access to an adequate law library assert no facts reflecting that he was so hindered in his efforts to pursue a non-frivolous legal claim to such a degree he experienced adverse consequences or an actual injury from the alleged deprivation. *Lewis*, 518 U.S. at 349. Because Plaintiff's allegation against Defendants regarding a denial of access to the courts articulates no "actual injury" accruing to him, this claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

*D. The Failure to Investigate Claim*

Plaintiff alleges that the wardens of the institution and Commissioner Thomas fail to address his complaints regarding the misconduct of correctional officers in violation of their own administrative regulations. *Doc. No. 25*. "It is well-settled that § 1983 does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *See Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Plaintiff's claim that the defendant wardens and the Commissioner of the Alabama Department of Corrections violated his constitutional rights by failing to investigate his reports of guard misconduct implicates no constitutional right to which he is entitled. Failing to properly investigate an inmate's complaint does not rise to the level of a separate constitutional violation. Inmates do not enjoy a constitutional right to an investigation of any kind by government officials. *See DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally

confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."). This claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

*E. Motion for Preliminary Injunction*

Plaintiff requests a preliminary injunction. *Doc. No. 25*. He seeks to prohibit Defendants from engaging in "ongoing violations of [his] and other inmate's constitutional rights." *Id*. Plaintiff's motion for a preliminary injunction is due to be denied.

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id*.; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"" as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is

necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). " 'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' " *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th Cir. 1990).

        The court finds from a review of the pending request for preliminary injunctive relief that if Plaintiff's motion was granted, the resulting injunction would amount to a broad instruction to Defendants to obey the law. Rule 65(d), *Federal Rules of Civil Procedure,* requires requests for injunctions to be specific; an injunction which merely orders the defendants to obey the law is too broad and too vague to be enforceable. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999). Because Plaintiff's requested injunction does not conform to the specificity requirement of F.R.Civ.P. Rule 65(d), it is unenforceable and is due to be denied.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims regarding placement in the restricted privileges dorm, violations of the First Amendment, denial of access to courts, and failure to investigate complaints be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) and/or (ii);

2. Plaintiff's motion for a preliminary injunction (*Doc. No. 25*) be DENIED; and

3. Plaintiff's Eighth Amendment claim regarding conditions of confinement in the restricted privileges dorm be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before August 13, 2015**, Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as

binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this the 30th day of July , 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE